Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3835 | **DATE** | 10/3/2001 |
| **CASE TITLE** | City of Chicago vs. U.S. Dept. of the Treasury, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendant's motion (3-1 and 3-2) to dismiss is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | OCT 4 2001 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | 15 |
| | Mail AO 450 form. | | FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | | 01 OCT -3 PM 7: 45 | date mailed notice | |
| SLB | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>THE TREASURY, BUREAU OF )<br>ALCOHOL, TOBACCO AND FIREARMS, )<br>)<br>Defendant. ) | 01 C 3835<br><br>Judge George W. Lindberg<br><br>**DOCKETED**<br><br>OCT - 4 2001 |

**MEMORANDUM OPINION AND ORDER**

Defendant United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms ("ATF") has moved pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss plaintiff's complaint. For the reasons stated below, the motion to dismiss is denied.

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assocs., Inc., 62 F.3d 967, 972 (7th Cir. 1995). According to the allegations in the complaint, ATF maintains records, in various databases, concerning licensed gun dealers; multiple purchases of guns; the distribution of guns used in crimes; and stolen, lost, and missing guns. In late 1998, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the City of Chicago ("City") requested information from ATF relating to gun purchases. The City requested this information to assist it in pursuing a public nuisance lawsuit against gun manufacturers, distributors, and dealers. ATF denied the request initially, but eventually provided some of the requested information. After making several unsuccessful attempts to persuade ATF to produce the balance of the requested information, the City filed City of Chicago v. United States Department of the Treasury, Bureau of Alcohol, Tobacco and

15

Firearms, 00 C 3417, in federal court ("City/ATF I"), seeking to enjoin ATF from withholding the requested information. This court was assigned that case. Following a two-day evidentiary hearing in which ATF claimed that the requested information was exempt from disclosure, the court granted the City's motion for summary judgment on March 6, 2001. As clarified on March 21, 2001, the court's order required ATF to produce information requested in the City's March 3, 2000 FOIA request, including all submodules of databases referenced in that request. City/ATF I is presently on appeal in the Seventh Circuit, and production of the information has been stayed.

Apparently a dispute remains concerning the reach of the City's March 3, 2000 FOIA request. According to the City, it included a request for information contained in the National Licensing Center Databases or Federal Licensing System Databases; ATF's position is that the March 3, 2000 request does not encompass this information. The City attempted to resolve the dispute by serving ATF with a new FOIA request on April 4, 2001. The new request duplicated the City's March 3, 2000 request to a certain extent, requesting both the information the parties agree was contained in the March 3, 2000 request, as well as disputed information. Specifically, the new request asked for the production of data contained within the Firearms Tracing System Database and its submodules (including certain theft databases), and the National Licensing Center Databases or Federal Licensing System Databases and its submodules. According to the City, it made its new request in this partially duplicative form to ensure that it receives one data extraction containing both sets of data; if provided separately, the two sets could not be analyzed effectively.

ATF offered to produce the public versions of some of the information originally requested in 2000; according to the City, however, these public versions do not contain much of

2

the information the City requests. ATF indicated orally that it would produce only portions of the National Licensing Center Databases or Federal Licensing System Databases, and that it had not decided which fields it intended to withhold. In discussions with the City, ATF stated that it would oppose production of the information other than the public versions, as well as opposing production of the theft databases, on the same grounds asserted in City/ATF I.

In addition, as a precondition to completing the City's request, ATF required that the City agree to pay approximately $10,000 to cover ATF's cost of reviewing and processing the requested information. Based on information elicited in City/ATF I, the City believes that it would take a matter of minutes to compile the requested data, rather than the forty to eighty hours of computer time on which ATF claims to base its fee. The City did not agree to pay the costs.

On May 23, 2001, the City filed this action, seeking an order directing ATF to produce the requested information. ATF moves to dismiss the complaint, claiming (1) that the City failed to exhaust its administrative remedies by refusing to agree to pay the fee; and (2) that claims that are duplicative of claims in City/ATF I should be dismissed on the principles of federal comity.

As an initial matter, although ATF styles its portion of the motion to dismiss that is based on the City's failure to exhaust its administrative remedies a Fed. R. Civ. P. 12(b)(1) motion, it would more properly be brought under Rule 12(b)(6), since exhaustion of administrative remedies is not a jurisdictional prerequisite. See, e.g., Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994); McDonnell v. United States, 4 F.3d 1227, 1240 n.9 (3d Cir. 1993); Oglesby v. United States Dept. of Army, 920 F.2d 57, 61 (D.C. Cir. 1990). The court therefore construes that portion of ATF's motion to dismiss to be a motion to dismiss for failure to state a claim.

The City argues that the court should excuse its failure to exhaust administrative

3

remedies. According to the City, it would have been futile to agree to pay the $10,000 fee and continue to seek ATF's voluntary compliance with the FOIA, because ATF has made it clear that it will not produce all of the requested information in any event. The "decision to require exhaustion before a plaintiff may proceed with a federal lawsuit is a matter within the discretion of the trial court." Robyns v. Reliance Standard Life Ins. Co., 130 F.3d 1231, 1236 (7th Cir. 1997). The nonpayment of fees is properly analyzed in the context of exhaustion of administrative remedies. See Oglesby, 920 F.2d at 66. A court may excuse a plaintiff's failure to exhaust administrative remedies if exhaustion would be futile. Robyns, 130 F.3d at 1236. To bring a claim within the futility exception to the requirement of exhaustion of administrative remedies, a plaintiff must show that "it is certain that [its] claim will be denied on appeal, not merely that [it] doubts that an appeal will result in a different decision." Wilczynski v. Lumbermens Mut. Cas. Co., 93 F.3d 397, 404 (7th Cir. 1996).

The City has sufficiently alleged that further pursuit of ATF's voluntary compliance with its FOIA request would be an exercise in futility. The City's new FOIA request involves the same kind of information as it requested in City/ATF I, and ATF has made it plain that it intends to withhold production of this information for the same reasons as it withheld information in City/ATF I. ATF's strenuous opposition to the production of requested information throughout City/ATF I, a dispute in which the parties remain adversaries on appeal, leaves no doubt in the court's mind that any further attempt by the City to secure ATF's voluntary cooperation on its new request would indeed be fruitless.

Nor is the court persuaded by ATF's argument that because City/ATF I presently is before the Seventh Circuit, the portions of the complaint relating to information previously

4

requested in City/ATF I should be dismissed.[1] The court does not read the complaint here as an invitation to redecide City/ATF I, but rather as a claim for new information which the City would like produced as a package with previously requested information. Certainly this court has no intention of revisiting the issues it has already decided in City/ATF I, and that are now being reviewed on appeal. The court, however, sees no reason not to review whether the newly requested information should be produced in the format the City prefers. See 5 U.S.C. § 552(a)(3)(B) ("an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format"); DeLorme Pub. Co. v. National Oceanic and Atmospheric Admin., 907 F. Supp. 10, 12 (D. Me. 1995) ("An agency's FOIA duty is to disclose records, and records are formatted information...Nothing in the FOIA excuses an agency from disclosing a particular record because it has disclosed the content elsewhere in a different format.").

**ORDERED:** The motion to dismiss is denied.

ENTER:

George W. Lindberg
United States District Judge

DATED: OCT 03 2001

---

[1] ATF bases this argument on federal comity. Comity, however, is a courtesy granted by one court to another, which is "founded on identity of position and similarity of institutions." See, e.g., Fisher v. Fielding, 34 A. 714, 716 (Conn. 1895). As such, this principle would not seem apply here, given the relative positions of this court and the Court of Appeals.

5