# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3835 | **DATE** | 3/7/2002 |
| **CASE TITLE** | City of Chicago vs. AT & F | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3/6/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for summary judgment is granted in part and denied in part. Defendant's motion for summary judgment is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 0 8 2002 | |
| | Notified counsel by telephone. | date docketed | 33 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | MAR 0 8 2002 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 01 C 3835 |
| v. ) | |
| ) | Judge George W. Lindberg |
| UNITED STATES DEPARTMENT OF ) | |
| THE TREASURY, BUREAU OF ) | |
| ALCOHOL, TOBACCO AND FIREARMS, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
MAR 0 8 2002

**MEMORANDUM OPINION AND ORDER**

Plaintiff City of Chicago ("City") brought this action against defendant United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms ("ATF") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The parties' cross-motions for summary judgment are before the court. For the reasons stated below, the City's motion is granted in part and denied in part, and ATF's motion is denied.

**I. Background**

Defendant ATF maintains records concerning traces of guns used in crimes, multiple purchases of guns, and guns reported stolen or lost by federal firearms licensees and interstate shippers. ATF maintains these records in its computerized Firearms Tracing System Database, in various sub-modules called the Trace Database Sub-Module, the Multiple Sales Database Sub-Module, and the Interstate Theft and Federal Firearms Licensee Theft Database Sub-modules ("Theft Database Sub-Modules"), respectively. ATF also maintains computerized records in the Firearms Licensing System, which contains identifying information on federal firearms licensees.

In late 1998, pursuant to FOIA, the City requested information from ATF contained in the Trace Database and the Multiple Sales Database Sub-Modules. ATF did not produce all the

33

requested information, and in June 2000, the City filed <u>City of Chicago v. United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms</u>, 00 C 3417 ("Chicago/ATF I"), seeking to enjoin ATF from withholding the information. In that case, ATF claimed that the requested information was exempt from disclosure as interfering with law enforcement activities (FOIA exemption 7(A)) and as constituting an unwarranted invasion of personal privacy (FOIA exemptions 6 and 7(C)). This court granted the City's motion for summary judgment in Chicago/ATF I on March 6, 2001. Chicago/ATF I is presently on appeal in the Seventh Circuit, and production of the information has been stayed.

In April 2001, the City requested from ATF additional information contained in the Theft Database Sub-Modules and the Firearms Licensing System ("Additional Data"), as well as information the parties agree was requested in Chicago/ATF I ("Previous Data").[1] ATF responded that much of the requested data had never been reviewed for disclosure, and that it would process the City's request once the City agreed to pay processing fees of $10,000. The City filed this action on May 23, 2001. This court has already ruled that the City was not required to exhaust its administrative remedies with ATF. ATF's obligation to disclose the Previous Data is not at issue in this case.

## II. Discussion

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must draw all reasonable inferences in favor of the nonmoving party. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000). The moving party bears the initial burden of demonstrating that no material issue exists for trial.

---

[1] The City explains that it made its new request in this partially duplicative form because it could not effectively analyze the Additional Data if it was produced as a separate data extraction from the Previous Data.

2

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the nonmoving party must offer specific facts demonstrating that a material dispute exists, and must present more than a scintilla of evidence to support its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

FOIA was enacted to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). To that end, FOIA mandates disclosure of records held by a federal agency, upon request, unless the records are subject to an enumerated exemption. See 5 U.S.C. § 552. "[T]hese limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act;... [c]onsistent with the Act's goal of broad disclosure, these exemptions have been consistently given a narrow compass." Department of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 7-8 (2001) (internal citations and punctuation omitted). The government bears the burden of demonstrating that withheld information falls within one of FOIA's exemptions. Solar Sources, Inc. v. United States, 142 F.3d 1033, 1037 (7th Cir. 1998). Here, ATF contends that the information it has withheld from the City falls within exemptions 4, 6, 7(A), and 7(C).[2]

### A. Exemption 4

ATF claims that FOIA exemption 4 authorizes it to withhold data relating to voluntary reports of firearm losses and thefts from interstate carriers of firearms. The City has narrowed this portion of its request to the business name, federal firearms licensee number, and license name of the dealers who shipped firearms that were lost or stolen from an interstate carrier. The City does not seek information regarding the identity of the carrier that reported the loss or theft.

FOIA exemption 4 authorizes government agencies to withhold "trade secrets and

---

[2] Based on information provided in ATF's motion for summary judgment, the City narrowed the categories of information it is requesting. The court will address only the exemptions invoked for the requested information that remains in dispute.

3

commercial or financial information obtained from a person [that is] privileged or confidential."
5 U.S.C. § 552(b)(4). "[I]nformation that is not a traditional type of trade secret (of the secret-formula variety) is within exemption 4 only if disclosure would either inflict substantial competitive harm on the owner of the information or make it difficult for the agency to induce people to submit similar information to it in the future." General Elec. Co. v. United States Nuclear Regulatory Comm'n, 750 F.2d 1394, 1398 (7th Cir. 1984).

In support of its argument that exemption 4 authorizes ATF to withhold the information the City has requested, ATF offers declarations of representatives of various interstate carriers. These carriers state that they would suffer adverse competitive consequences if their businesses were associated with incidents of lost or stolen firearms, because their customers select a carrier based in large part on the carrier's reputation for security. The carriers conclude that they would cease providing such information to ATF if ATF disclosed it.

The carriers do not address how they would suffer a competitive disadvantage if they were not identified as having reported the information. The City does not seek information identifying who reported thefts or losses of firearms, and the requested information regarding the dealers is not otherwise linked in any way to the carriers who provide the information. Accordingly, there would be no reason for the carriers to suffer harm to their reputation for security, and thus a competitive disadvantage, as a result of the disclosure of the requested information. And, if the carriers are not harmed by the disclosure of the requested information, there is no reason why they would not continue to submit such information to ATF. ATF fails to offer a basis for the court to conclude that the carriers would suffer a competitive disadvantage as a result of disclosure of dealers' identities, or that ATF would have difficulty inducing the carriers to continue to supply the information. ATF therefore has failed to meet its burden of showing that the information requested by the City falls within exemption 4.

**B.   Exemptions 6 and 7(C)**

ATF also invokes FOIA exemptions 6 and 7(C) as authority to withhold portions of the

data requested by the City. This information includes names and addresses of individual gun purchasers and multiple purchase purchasers, dealer point of contact,[3] notes regarding invalid dealers,[4] and traced firearm recovery addresses.[5]

FOIA exemption 6 does not apply to the type of information requested by the City. Exemption 6 authorizes government agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The categories of information requested by the City do not include personnel or medical files, or the type of information that would generally be kept in a personnel or medical file, as required to withhold their disclosure under exemption 6.

Nor has ATF met its burden of establishing the application of exemption 7(C). Exemption 7(C) authorizes agencies to withhold law enforcement records whose disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). When evaluating a claim under exemption 7(C), the court must balance the privacy interest at stake against the public policy interest in disclosure. See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 762, 776 (1989).

Although the requested records constitute law enforcement records, disclosure of this information would not constitute an "unwarranted invasion of privacy" under exemption 7(C). As this court concluded in its review of the applicability of this exemption to the same or similar types of information in Chicago/ATF I, no individual's privacy interest is implicated in the disclosure of the location of a recovered firearm. In addition, the privacy interest of a firearm

---

[3] According to ATF, the dealer point of contact usually is the federal firearms licensee's representative who is designated to communicate with ATF.

[4] Invalid dealers are law enforcement agencies that are not covered by the licensing requirements of the Gun Control Act.

[5] To the extent that ATF's claim under exemptions 6 and 7(C) duplicates its claim regarding the same information requested in Chicago/ATF I, the doctrine of collateral estoppel bars the court from revisiting the issue here.

purchaser in keeping his or her identity a secret in connection with the purchase of a guns is small. By contrast, the public interest in facilitating the analysis of gun trafficking is great, and significantly outweighs whatever minor privacy interest individuals may have in being identified as having purchased a gun. Therefore, ATF has failed to meet its burden of establishing that this information falls within exemption 7(C).

### C. Exemption 7(A)

Finally, as in Chicago/ATF I, in this case ATF claims that the bulk of the information requested by the City falls within FOIA exemption 7(A). That exemption authorizes government agencies to withhold information "compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). "[A]n agency seeking to shield records or information behind [the Exemption] must show that disclosure could reasonably be expected perceptibly to interfere with an enforcement proceeding." Solar Sources, Inc., 142 F.3d at 1037 (quoting North v. Walsh, 881 F.2d 1088, 1097 (D.C. Cir. 1989) (R.B. Ginsburg, J.)).

The requested information that ATF contends falls within exemption 7(A) includes trace data, such as information regarding the law enforcement agency requesting the trace, firearm serial numbers, firearm manufacturers, importers and dealers, invalid dealers, and individual purchasers (Firearms Tracing System Trace Database Sub-Module); multiple firearms purchases information (Firearms Tracing System Multiple Sales Database Sub-Module); information regarding firearms that are lost and stolen from dealers or interstate shippers, and the dealers from which these firearms originated (Firearms Tracing System Theft Database Sub-Modules); and "special attention flag" data (Federal Firearms Licensing System).[6]

ATF claims that the disclosure of information from the Trace Database and Multiple

---

[6] Again, to the extent that this request duplicates the City's request in Chicago/ATF I, the doctrine of collateral estoppel applies.

6

Sales Database Sub-Modules would allow members of the general public to "connect the dots" -- that is, piece together various types of data -- and thus discover and interfere with open investigations. ATF made the same argument in Chicago/ATF I. As this court noted in Chicago/ATF I, even ATF does not "connect the dots" and does not know whether an investigation is ongoing. ATF nevertheless releases the information after a fixed period of time, without first determining that the information is not related to an open investigation. In Chicago/ATF I, ATF was unable to cite a single instance in which an actual investigation was compromised as a result of an individual piecing together information in the way ATF feared. For the reasons this court rejected ATF's argument in that case, the court concludes that ATF has failed to satisfy its burden of showing that the information requested from the Trace Database and Multiple Sales Database Sub-Modules falls within exemption 7(A).

Nor is the court persuaded by ATF's similar position with respect to information requested from the Theft Database Sub-modules. The City has limited this request to information regarding dealers from which thefts are reported, and identification of the city of other law enforcement agencies recovering firearms stolen from dealers. ATF presents a declaration that claims, in conclusory fashion, that the release of information regarding federal firearms licensees from which firearms have been stolen "could reasonably be expected to interfere with an ATF investigation and endanger people's lives." The court is hard pressed to imagine how releasing the requested information could cause such a result, since individuals who committed thefts would already know the locations of their crimes and since federal firearms licensees are required to report the thefts. ATF has failed to satisfy its burden of showing that the information requested from the Theft Database Sub-modules falls within exemption 7(A).

A closer question is presented regarding whether the "special attention flag" descriptions in the Federal Firearms Licensing System are exempted by Section 552(b)(7)(A). According to ATF, these flags identify federal firearms licensees that are potential targets for criminal or regulatory action, and are not used unless the licensee is under special enforcement scrutiny.

Thus, if this information were disclosed, federal firearms licensees could learn that they were under investigation, and would likely destroy evidence or change their behavior.

The City disputes that special attention flags are used for the purpose advanced by ATF. In support of its position, the City submits a declaration of Gerald Nunziato, former Special Agent in Charge of ATF's National Tracing Center from 1991 through 1999. Nunziato states that during his tenure as Special Agent in Charge, he learned that special attention flags were used mostly as internal administrative reminders, and that the vast majority were unrelated to pending criminal cases or inspections. Nunziato further states that he developed a "Do Not Contact" table in the FTS database to ensure that federal firearms licensees under criminal investigation were not contacted.[7] According to Nunziato, disclosure of the special attention flags would not affect enforcement actions because of the existence of the "Do Not Contact" table, and because federal firearms licensees are aware of their business practices that would invite inspections.

The parties have raised a factual dispute regarding whether the production of the special attention flags could reasonably be expected to interfere with enforcement proceedings, and thus require exemption under Section 552(b)(7)(A). Therefore, summary judgment is denied as to that issue.

### D. Segregability

Finally, even if ATF meets its burden of establishing the application of an exemption to some of the information requested by the City, ATF must disclose the remaining information, after redacting the exempt material. FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt...." 5 U.S.C. § 552(b). As this court discussed in Chicago/ATF I, ATF can segregate any exempt material through the reasonable and simple means of encryption, and provide all

---

[7] The City has not requested the disclosure of the "Do Not Contact" table.

remaining requested information that is not subject to exemption.

**ORDERED:** Plaintiff's motion for summary judgment is granted in part and denied in part. Defendant's motion for summary judgment is denied.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED: MAR - 7 2002